Per Curiam.

We think that after an attachment, or holding to bail, the plaintiff cannot alter his writ to the injury of a subsequently attaching creditor, or of bail. The subsequently attaching creditor has a vested right to the excess beyond the amount of the judgment to be rendered upon the writ of the Prst attaching creditor as it was when served. So, bail are not to be made liable for a greater sum than was included in the writ at the time when they entered into the bail bond. It is said, that the second count would cover the additional counts; but it cannot be ascrtained from the record that it was intended to cover them.
The opinion of the Court was likewise in favor-of the defendants upon the other point reserved.[1]
New trial granted.[2]

 See Brigham v. Este, 2 Pick. 425; Ball v. Claflin, 5 Pick. 303; Vancleef v. Therasson, 3 Pick. 12; Miller v. Clark, 8 Pick. 412.

 This cause came before the Court again at October term 1823, at Plymouth, and Beal made the same point, and contended, that adding a new cause of action would not vacate an attachment, provided nothing was recovered under such amendment; that there was nothing on the record, or in the report of the judge, to show on which of the counts the plaintiff took his judgment; that he had now a right to apply it to which counts he pleased, or rather, if there were in the writ, when served, good counts sufficient to suppoit the judgment, the presumption was, that it was rendered upon those counts But the Court said, that they were satisfied with the correctness of their former opinion; that it was intimated by the defendant’s counsel, at the former argument, that something had been added to the amount of the judgment in consequence of filing the new counts, but that whether this fact appeared or not was immaterial, as the burden of proof lay on the other parly. — Reporter.