Moore, J.
•The record discloses that on July 4th, 1885, the plaintiff below, Eliza M. Pollock, filed her petition in the.court of common pleas of Logan county, alleging substantially, that J. B. Pollock, the defendant below, was the duly appointed and acting executor of the estate of William Pollock deceased. That as such executor he was indebted to her upon an account for the care and attention upon the decedent, William Pollock-, for the last,six years of his life ending September 8, 1880, at five dollars per week, in all three hundred and twelve weeks, making a total of $1,560 with interest from September 8,1880. That on October 24, 1884, she presented to the executor a statement of her account duly sworn to, and demanded that it be allowed as a valid claim against the said estate. That on January 7, 1885, the executor returned the account without the endorsement of such allowance and refused the same.
The record disclosed that on the same day, to-wit, July 4, a summons was issued but not served, because the defendant could not be found. No further attempt to procure service was had until September 7th, 1885, when summons was again issued, and on the same day served on the defendant. The defendant failed to plead, and on the 24th of November following a judgment was rendered against him as executor in the usual form for the full amount of the claim and interest.
To reverse this judgment, this proceeding in error is prosecuted and numerous errors assigned, but one, however, is re *141 lied upon and to be considered in this opinion, to-wit, that the court below erred in rendering judgment against the defendant below.
It appears from the record that the account presented to the administrator was returned not allowed January 7, 1885; That on July 4, 1885, a petition was filed, summons issued, but no service had. That on September 7, 1885, a summons was issued and served. This presents the sole question to be determined. That is, did the court below err in rendering judgment against the defendant below, when the record discloses that the suit had not been commenced within six months from the time the claim was disallowed by the executor?
Section 6097, Rev. Stats., provides: “If a claim against the estate of any deceased person be exhibited to the executor or administrator, before the estate is represented insolvent, and be disputed or neglected by him, and the same shall not have been referred, the claimant shall, within six months after such dispute or rejection, if the debt, or any part thereof shall have become due, or within six months after some part thereof shall have become due, commence a suit for the recovery thereof, or be forever barred from maintaining any action there-Oil ^ ^
Section 4987 provides that an action shall be deemed commenced, within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him * * *.
And section 4988 provides: “ An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this chapter, when the party diligently endeavors to procure service; but such attempt must be followed by service within sixty days.”
The record is silent as to any attempt being made to procure service after the first summons was returned — and no service was had within sixty days after July 4th. It follows that the action was commenced eight months after the rejection of the claim.
The language employed in section 6097 is peremptory, and differs from that used in the general statute of limitations. *142 That reads: “Civil actions * * * can only be brought within the following periods, etc.” This statute, if not taken advantage of by answer or demurrer, is held to be waived. And it is insisted upon that such rule governs in the case at bar.
It is said that the statute of limitations is a statute of repose, and is founded upon the presumption that from the length of time that has elapsed since the cause of action arose it has been paid or satisfied.
Such claim cannot apply to section 6097. It was not enacted for the benefit of the executor, but to facilitate the settlement of the estates of deceased persons, and for the protection of such estates.
If a claim has been disallowed by the executor of an estate, and no reference had as provided, the party still has the right to bring his action within the time limited; but if he fails to do so the right is denied to him. No laches of the personal representative can enure to the benefit of the creditor. The estate should not be prejudiced by reason of such neglect.
In Brown et al. v. Anderson, Adm'x, etc., 13 Mass., 203, the court, in its opinion upon a special statute of limitations, says: “ The general statute of limitations has always been considered as furnishing to debtors prima facie evidence of payment; and any counter evidence is admitted. An acknowledgment of the debt, therefore, by an executor or administrator, as well as by the original debtor, has been held to avoid that statute. But the statute we are now considering has no regard to the payment or non-payment of the debt; it was designed to produce a speedy settlement of estates that the heirs might be quieted. A promise of the administrator can therefore have no effect to bind the estate. He may decline pleading the statute; but if he does, without the consent of the heirs, he may expose himself for his unfaithful conduct. The promise creates only a personal obligation on the part of the person making it, but cannot affect the estate.”
This opinion fully distinguishes the difference between the general and special statutes of limitations, and sustains the view we have taken. The judgment sought to be reversed is *143 against the estate. We are of opinion that the court below erred in its action, and that the judgment below should be reversed and the cause dismissed.
West, Broion & West, for plaintiff in error.
McLaughlin & Dow, for defendant in error.
All concur.